# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Patricia Frazier, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 2:09-CV-01625-PMD |
| v. ) | |
| ) | |
| Target Corporation, ) | **ORDER** |
| ) | |
| Defendant. ) | |

This matter is before the court upon Defendant Target Corporation's ("Defendant") motion to dismiss count two of Plaintiff Patricia Frazier's ("Plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the court grants Defendant's motion to dismiss.

## BACKGROUND

Plaintiff alleges that she was wrongfully terminated from her position as a stocker at Defendant's store after missing work to appear in a Department of Social Services case involving her daughter. Plaintiff claims that she told Defendant about the required court appearance in advance, and that Defendant told her that she could not miss work to attend court. Plaintiff alleges that on June 11, 2007 she attended court as she was required to do and, as a result thereof, was terminated by Defendant. Plaintiff's complaint alleges two causes of action: (1) a statutory claim for retaliatory discharge in violation of S.C. Code Ann. § 41-1-70 ("Count One"); and (2) a common law tort claim for wrongful discharge in violation of public policy ("Count Two"). On June 26, 2009, Defendant moved to dismiss Count Two of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant argues that Plaintiff cannot maintain her tort claim for wrongful discharge in violation of public policy as a matter of law because the

1

statutory remedy set forth in S.C. Code § 41-1-70 is exclusive and bars a separate tort claim for wrongful discharge in violation of public policy.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of her claims that entitles her to relief. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999). The complaint should not be dismissed unless it is certain that the plaintiff is not entitled to relief under any legal theory that might plausibly be suggested by the facts alleged. *See Mylan Labs. Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). Further, "[u]nder the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to infer that all the required elements of the cause of action are present." *Wolman v. Tose,* 467 F.2d 29, 33 n. 5 (4th Cir. 1972).

## ANALYSIS

Defendant argues that under South Carolina law Plaintiff cannot maintain a cause of action for wrongful discharge against public policy where there is an available statutory remedy. The court agrees and, therefore, dismisses Count Two of Plaintiff's complaint.

Although, in South Carolina, an at-will employee may be discharged for any reason, the South Carolina Supreme Court has recognized an exception to that rule. In *Ludwick v. This Minute of Carolina, Inc.,* 337 S.E.2d 213 (S.C. 1985), the South Carolina Supreme Court adopted a public policy exception to the employment at-will doctrine and held that "[w]here the retaliatory discharge of an at-will employee constitutes violation of a clear mandate of public policy, a cause of action in tort for wrongful discharge arises." *See Ludwick,* 337 S.E.2d at 216.

It is well established, however, that "no common law public policy wrongful termination claim can be stated where the employee has an existing statutory remedy." *Bolin v. Ross Stores, Inc.*, No. 08-cv-02759-MJP, 2009 WL 363990 (D.S.C. Feb. 11, 2009) (citing *Zeigler v. Guidant Corp.,* 2008 WL 2001943 (D.S.C.2008) (no claim where employee had statutory remedy under Title VII); *Dockins v. Ingles Mkts., Inc.,* 306 S.C. 496, 413 S.E.2d 18, 19 (1992) (affirming dismissal of public policy claim and stating that, "Th[e] public policy exception to the termination of at-will employees has not been extended beyond situations where the termination is in retaliation for an employee's refusal to violate the law at the direction of his employer.... When a statute creates a substantive right and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy.... We hold this applies when the right is created by federal law as well as state law."); *Stiles v. Am. Gen. Life Ins. Co.,* 335 S.C. 222, 516 S.E.2d 449, 452 (1999) ( "As these cases make clear, the *Ludwick* exception is not designed to overlap an employee's statutory or contractual rights to challenge a discharge, but rather to provide a remedy for a clear violation of public policy where no other reasonable means of redress exists.") (concurring opinion); *Epps v. Clarendon County,* 304 S.C. 424, 405 S.E.2d 386, 387 (1991) (affirming dismissal of public policy claim and stating that, "We decline to extend the *Ludwick* exception to a situation where, as here, the employee has an existing remedy for a discharge which allegedly violates rights other than the right to the employment itself.")); *see also Lawson v. South Carolina Dep't of Corr.*, 532 S.E.2d 259 (S.C. 2000) ("when a statute creates a substantive right (i.e. the Whistleblower statute) and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy"); *Ramsey v. Vanguard Servs., Inc.,* No. 07-00265, 2007 WL 904526 (D.S.C. Mar. 22, 2007) (granting defendant's motion to dismiss

employee's wrongful termination claim because the plaintiff had an available statutory remedy under the South Carolina Payment of Wages Act).

In this case, Plaintiff claims that Defendant's termination of Plaintiff for her attendance in a Family Court hearing, in which she was a named Defendant and required to testify, constitutes a wrongful discharge in violation of public policy. Plaintiff states a tort claim for wrongful discharge in violation of public policy and also states a statutory claim for wrongful discharge under S.C. Code Ann. § 41-1-70. Section 41-1-70 provides as follows:

> Any employer who dismisses or demotes an employee because the employee complies with a valid subpoena to testify in a court proceeding or administrative proceeding or to serve on a jury of any court is subject to a civil action in the circuit court for damages caused by the dismissal or demotion.
>
> Damages for dismissal are limited to no more than one year's salary or fifty-two weeks of wages based on a forty-hour work week in the amount the employee was receiving at the time of receipt of the subpoena.

This statute clearly creates a substantive right—the right not to be terminated for compliance with a valid subpoena—and provides a statutory remedy for infringement of that right. In this case, Plaintiff is seeking a remedy for the alleged termination of her employment for compliance with a valid subpoena. Therefore, as established in the case law discussed above, Plaintiff cannot maintain a common law wrongful discharge claim for termination for compliance with a valid subpoena when S.C. Code Ann § 41-1-70 already provides a cause of action and remedy for the same claim.

In her memorandum in opposition to Defendant's motion to dismiss, Plaintiff argues that she should be able to plead a tort claim for wrongful discharge in violation of public policy in the alternative to her statutory claim under § 41-1-70. However, the court agrees with Defendant in that to accept Plaintiff's argument that she can plead her claims in the alternative would essentially nullify decisions such as *Bolin* which hold that "no common law public policy

4

wrongful termination claim *can be stated* where the employee has an existing statutory remedy." *Bolin,* 2009 WL 363990 (emphasis added). In addition, cases such as *Bolin* and *Ramsey* indicate that courts routinely dismiss tort claims for wrongful discharge that are barred by statutory remedies at the 12(b)(6) stage. *Id.; Ramsey v. Vanguard Servs., Inc.,* No. 07-00265, 2007 WL 904526 (D.S.C. Mar. 22, 2007). Plaintiff also argues that she should be able to alternatively plead her tort claim for wrongful discharge because she may not fit under the statute because she was required to attend the DSS hearing as a party and not as a witness. However, Plaintiff then states that she was also required to testify as a witness at the DSS hearing. In addition, the core of Defendant's argument is that Plaintiff's tort claim is barred because § 41-1-70 is available and provides the exclusive remedy for her claim. The court believes that Plaintiff's claim squarely falls under § 41-1-70 because Plaintiff allegedly was terminated for complying with a requirement to attend and testify in a court proceeding. Therefore, as Plaintiff is barred by the existence of § 41-1-70 from also asserting a public policy wrongful discharge tort claim on the basis of termination because of compliance with a valid subpoena, the court grants dismissal of Plaintiff's Count Two wrongful discharge claim.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant Target Corporation's motion to dismiss Count Two of Plaintiff Patricia Frazier's Complaint is **GRANTED.**

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**October 27, 2009**
**Charleston, SC**